# EXHIBIT 1

FILED
5/27/2026 3:47 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH05072
Calendar, 5
38278990

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

MICHELLE ROJAS and MARISSA BARRIGA, individually and on behalf of all other persons similarly situated,

Plaintiffs,

v.

MOTOROLA SOLUTIONS, INC.,

Defendant.

Case No. 2026CH05072

Judge ____________________

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiffs Michelle Rojas and Marissa Barriga (collectively, "Plaintiffs"), by and through their counsel, bring this action on behalf of themselves and all others similarly situated against Defendant Motorola Solutions, Inc. ("Defendant" or "Motorola") based upon the factual investigation of their counsel, their personal knowledge as to facts pertaining to themselves and information and belief as to all other matters.

## NATURE OF THE CASE

1. This is a putative class action against Defendant Motorola for violations of Plaintiffs' and Class members' (defined below) right to privacy, as codified under California Civil Code § 1798, *et seq.*, through the improper and unlawful operation of an automatic license plate reader ("ALPR") system.

2. An ALPR system consists of a "searchable computerized database resulting from the operation of one or more mobile or fixed cameras combined with computer algorithms to read and convert images or registration plates and the characters they contain into computer readable data." *See* Cal. Civ. Code § 1798.50.5(d).

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

3. ALPR systems typically utilize high-speed cameras and accompanying software that record, capture, analyze and store information about vehicles' make, model, license plate numbers and GPS coordinates. Oftentimes, these cameras capture photographs of an entire vehicle, as well as the date, time and location of the vehicle, as it passes the cameras. The cameras may also capture an image of the vehicle driver and passengers and other unique characteristics of the vehicle.

4. ALPR cameras are indiscriminate. They capture images of any vehicle that passes by the ALPR cameras.

5. An ALPR system can be used to target individuals who visit sensitive locations such as immigration clinics, health centers, protests and places of worship.

6. California has determined "that the right to privacy is a personal and fundamental right protected by . . . the Constitution of California and by the United States Constitution and that all individuals have a right to privacy in information pertaining to them." Cal. Civ. Code § 1798.1. In connection therewith, California has found that: (a) "[t]he right to privacy is being threatened by the indiscriminate collection, maintenance, and dissemination of personal information . . . ."; (b) "[t]he increasing use of computers and other sophisticated information technology has greatly magnified the potential risk to individual privacy that can occur from the maintenance of personal information"; and (c) "[i]n order to protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits." *Id.*

7. Defendant is a nationwide private vendor of an ALPR system, including ALPR cameras and software that allow for the analysis of the data captured by the cameras.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

8. Defendant has made, and continues to make, its ALPR system available to third parties throughout California. As a result, Defendant's ALPR cameras are installed in locations throughout California, including Merced, California (the "California ALPR Cameras").

9. The California ALPR Cameras capture license plate information of Plaintiffs and Class members each time they pass by or park near one of the cameras. Further, the California ALPR Cameras capture the GPS coordinates of Plaintiffs and Class members when the pass by or park near the cameras, as well as the date and time they pass by or park near the cameras. The captured information may be used to identify the operator or registered owner of the vehicle.

10. The California ALPR Cameras capture the information described in the preceding paragraph without notice to Plaintiffs and Class members and without their consent.

11. Defendant boasts that, based on the information captured by its ALPR cameras, users of its ALPR system can "[e]asily search for, find and review the location history of a vehicle . . . and determine where it may be located in the future."

12. Unbeknownst to Plaintiffs and Class members, Defendant's ALPR system allows for the sharing of their captured information with the federal government and state agencies outside of California, in violation of California law and Plaintiffs' and Class members' right to privacy. Among the network of entities to which Defendant allows unauthorized access of the ALPR information from the California ALPR Cameras are: (a) Customs and Border Patrol – National Targeting Center; (b) IRS Criminal Investigation; (c) United States Marshals Service; and (d) United States Secret Service.

13. Plaintiffs assert claims on behalf of themselves and all others similarly situated for Defendant's violations of Cal. Civ. Code § 1798.90.5, *et seq.*, which governs the use and operation of ALPR systems within the State of California.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

## PARTIES

14. Plaintiff Michelle Rojas is a citizen of California, residing in Merced, California near the entrance to the University of California – Merced ("UC Merced") located at Lake Road and Bellevue Road in Merced, California (the UC Merced Entrance"). At relevant times, Defendant's California ALPR Cameras captured Plaintiff Rojas' license plate number and geolocation data, among other personal information, when she passed by Defendant's ALPR cameras located near the UC Merced Entrance.

15. Plaintiff Marissa Barriga is a citizen of California, residing in Merced, California. At relevant times, Defendant's California ALPR Cameras captured Plaintiff Barriga's license plate number and geolocation data, among other personal information, when she passed by Defendant's ALPR cameras located near the UC Merced Entrance.

16. Defendant Motorola Solutions, Inc. is a Delaware corporation with its principal place of business located in Chicago, Illinois.

## JURISDICTION AND VENUE

17. This Court has jurisdiction pursuant to 735 ILCS 5/2-209, as Defendant is a corporation that does business within the State of Illinois.

18. Pursuant to 735 ILCS 5/2-101 and 102, venue is proper because Defendant is a resident of Cook County, Illinois.

## FACTUAL BACKGROUND

***ALPR Systems***

19. ALPR systems consist of computer-controlled cameras, among other things, that automatically capture license plate numbers within their view, along with the location, date and time the image is captured.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

20. ALPR cameras can be stationary or mobile, such as when they are affixed to a moving vehicle.

21. The information captured by ALPR cameras can include images of the vehicle to which a license plate is attached and the driver and passengers of the vehicle.

22. ALPR cameras capture information indiscriminately. ALPR system operators, like Defendant, use this information to amass profiles on the vehicles that pass by or park near their ALPR cameras to allow end-users to "search for, find and review the location history of a vehicle . . . and determine where it may be located in the future."

23. By amassing profiles in the above-described manner, ALPR systems can be used for nefarious purposes, such as to track and locate protestors, people attending religious events or persons with a particular immigration status.

***Defendant Motorola and Its ALPR System***

24. Defendant touts itself as a "global leader in mission-critical safety and security technologies for public safety, government, including defense, and enterprise customers." Defendant claims to "design and advance technology for more than 100,000 customers in over 100 countries . . . ." Defendant claims the goal of, among other things, dismantling "silos and barriers between people and systems . . . ."

25. One of Defendant's core business segments is video technology, which includes ALPR technology and AI-powered analytics. According to Defendant, its "video software integrates AI-powered analytics to deliver operational insights to [its] customers by bringing attention to important events within their video footage." It is Defendant's view that "these insights can help to proactively detect an important event in real time as well as reactively search video

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

content to investigate an important event that occurred in the past." In Defendant's words, its AI-powered analytics can use license plate recognition to "flag a vehicle of interest."

26. Defendant claims that users of its ALPR system have access to "over 40 Billion 3rd Party Scans" and that it is the only one in the industry with a database that goes back over 17 years.

27. Defendant's published materials regarding its ALPR system indicate that its fixed and mobile ALPR cameras can obtain vehicle data of vehicles traveling up to 150 miles per hour in the dark and can read "all plates, temporary tags, paper tags and even identify when a plate is missing."

28. The data collected via Defendant's ALPR system may be used to identify the driver or registered owner of the vehicle whose data is collected. Defendant's ALPR system stores this personally identifiable information and makes it available to users of the ALPR system.

29. Defendant uses the ALPR system to collect and store ALPR data for its own commercial purposes. Defendant also makes the ALPR system available to customers, such as law enforcement agencies and commercial customers.

***Defendant's Failures to Safeguard ALPR Information***

30. Beyond Defendant's self-serving claims about the benefits of its ALPR system, its ALPR system has been newsworthy for its security lapses.

31. For instance, in June 2024, the Cybersecurity & Infrastructure Security Agency ("CISA") issued an advisory regarding "Motorola Solutions Vigilant License Plate Readers," citing vulnerabilities in Defendant's ALPR technology that "could allow an attacker to tamper with the device, access sensitive information and credentials, or perform a replay attack." For context, Vigilant Solutions was a provider of ALPR technology that was purchased by Defendant in 2019.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

32. Further, in January 2025, an independent security researcher revealed that it was possible for people to view real-time footage and data from Defendant's ALPR cameras on the open internet without authentication. In other words, the video and data streams from the ALPR cameras could be watched without any sort of login.

33. Moreover, as alleged in more detail below, despite California law requiring ALPR operators to maintain reasonable security procedures and practices, including operational, administrative, technical and physical safeguards to protect ALPR information from unauthorized access, use, modification and disclosure, in April 2026, it was reported that the federal government and non-California agencies had access to ALPR information captured by Defendant's ALPR system despite such access and use being prohibited by California law.

***California's ALPR Regulations***

34. California Civil Code § 1798.90.5, *et seq.*, regulates the operation and use of ALPR systems by ALPR operators and end-users (the "ALPR Regulations").

35. Pursuant to the ALPR Regulations, an "ALPR system" is a "searchable and computerized database resulting from the operation of one or more mobile or fixed cameras combined with computer algorithms to read and convert images or registration plates and the characters they contain into computer-readable data." Cal. Civ. Code § 1798.90.5(d).

36. Pursuant to the ALPR Regulations, a "person" is "any natural person, public agency, partnership, firm, association, corporation, limited liability company or other legal entity." Cal. Civ. Code § 1798.90.5(e).

37. Pursuant to the ALPR Regulations, an "ALPR operator" is a "person that operates an ALPR system," subject to an exception that is not applicable here. Cal. Civ. Code § 1798.90.5(c).

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

38. Pursuant to the ALPR Regulations, an "ALPR end-user" is a "person that accesses or uses an ALPR system," subject to exceptions that are not applicable here. Cal. Civ. Code § 1798.90.5(a).

39. Pursuant to the ALPR Regulations, "ALPR information" is "information or data collected through the use of an ALPR system." Cal. Civ. Code § 1798.90.5(b).

40. Pursuant to the ALPR Regulations, "public agency" means "the state, any city, county, or city and county, or any agency or political subdivision of the state or a city, county, or city and county, including but not limited to, a law enforcement agency." Cal. Civ. Code § 1798.90.5(f).

41. According to the ALPR Regulations, an ALPR operator is required to:

(a) Maintain reasonable security procedures and practices, including operational, administrative, technical, and physical safeguards, to protect ALPR information from unauthorized access, destruction, use, modification, or disclosure.

(b)(1) Implement a usage and privacy policy in order to ensure that the collection, use, maintenance, sharing, and dissemination of ALPR information is consistent with respect for individuals' privacy and civil liberties. The usage and privacy policy shall be available to the public in writing, and, if the ALPR operator has an Internet Web site, the usage and privacy policy shall be posted conspicuously on that Internet Web site.

(2) The usage and privacy policy shall, at a minimum, include all of the following:

(A) The authorized purposes for using the ALPR system and collecting ALPR information.

(B) A description of the job title or other designation or the employees and independent contractors who are authorized to use or access the ALPR system or to collect ALPR information. The policy shall identify the training requirements necessary for those authorized employees and independent contractors.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

(C) A description of how the ALPR system will be monitored to ensure the security of the information and compliance with applicable privacy laws.

(D) The purposes of, process for, and restrictions on, the sale, sharing, or transfer of ALPR information to other persons.

(E) The title of the official custodian, or owner, of the ALPR system responsible for implementing this section.

(F) A description of the reasonable measures that will be used to ensure the accuracy of the ALPR information and correct data errors.

(G) The length of time ALPR information will be retained, and the process the ALPR operator will utilize to determine if and when to destroy retained ALPR information.

Cal. Civ. Code § 1798.90.51.

42. According to the ALPR Regulations, an ALPR end-user is required to:

(a) Maintain reasonable security procedures and practices, including operational, administrative, technical, and physical safeguards, to protect ALPR information from unauthorized access, destruction, use, modification, or disclosure.

(b)(1) Implement a usage and privacy policy in order to ensure that the access, use, sharing, and dissemination of ALPR information is consistent with respect for individuals' privacy and civil liberties. The usage and privacy policy shall be available to the public in writing, and, if the ALPR end-user has an Internet Web site, the usage and privacy policy shall be posted conspicuously on that Internet Web site.

(2) The usage and privacy policy shall, at a minimum, include all of the following:

(A) The authorized purposes for accessing and using the ALPR information.

(B) A description of the job title or other designation or the employees and independent contractors who are authorized to access and use the ALPR information. The policy shall identify the training requirements necessary for those authorized employees and independent contractors.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

> (C) A description of how the ALPR system will be monitored to ensure the security of the information accessed or used and compliance with applicable privacy laws and a process for periodic system audits.
>
> (D) The purposes of, process for, and restrictions on, the sale, sharing, or transfer of ALPR information to other persons.
>
> (E) The title of the official custodian, or owner, of the ALPR information responsible for implementing this section.
>
> (F) A description of the reasonable measures that will be used to ensure the accuracy of the ALPR information and correct data errors.
>
> (G) The length of time ALPR information will be retained, and the process the ALPR end-user will utilize to determine if and when to destroy retained ALPR information.

Cal. Civ. Code § 1798.90.53.

43. Pursuant to the ALPR Regulations, a "public agency shall not sell, share, or transfer ALPR information, except to another public agency, and only as otherwise permitted by law." Cal. Civ. Code § 1798.90.55. However, "the provision of data hosting or towing services shall not be considered the sale, sharing, or transferring of ALPR information." *Id.*

44. Pursuant to the ALPR Regulations, an individual who has been harmed by a violation of the ALPR Regulations may bring a civil action against a person who knowingly caused the harm, and the court may award a combination of any one or more of the following: (1) "[a]ctual damages, but not less than liquidated damages in the amount of two thousand five hundred dollars ($2,500)"; (2) "[p]unitive damages upon proof of willful or reckless disregard of the law"; (3) "[r]easonable attorney's fees and other litigation costs reasonably incurred"; and (4) "[o]ther preliminary and equitable relief as the court determines to be appropriate." Cal. Civ. Code § 1798.90.54.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

***Defendant's Violations of the ALPR Regulations***

***Defendant's Failures to Maintain Reasonable Security Procedures and Practices***

45. Defendant is, and at relevant times has been, an ALPR operator and ALPR end-user. As alleged herein, Defendant operates, and at relevant times has operated an ALPR system. Further, as alleged herein, Defendant accesses and uses, and at relevant times has accessed and used, its ALPR system for its own purposes.

46. In violation of the ALPR Regulations, at relevant times, Defendant failed to maintain reasonable security procedures and practices, including operational, administrative, technical and physical safeguards, to protect ALPR information from unauthorized access, destruction, use, modification and disclosure. *See* Cal. Civ. Code § 1798.90.51(a).

47. For instance, in violation of the ALPR Regulations, vulnerabilities in Defendant's ALPR system allowed attackers to tamper with a specified ALPR device and access sensitive information and credentials, among other things.

48. Further, in violation of the ALPR Regulations, certain of Defendant's ALPR cameras allowed people to view real-time footage and data from the cameras on the open internet without authentication.

49. Moreover, in violation of the ALPR Regulations, Defendant permitted end-users of its ALPR system to disclose ALPR information to unauthorized users and, at the same time, permitted unauthorized access and use of ALPR information.

50. For instance, in April 2026, it was reported in a news article that the UC Merced Police Department—an end-user of Defendant's ALPR system—was sharing ALPR information with numerous federal and non-California agencies, including Customs and Border Patrol –

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

National Targeting Center; (b) IRS Criminal Investigation; (c) United States Marshals Service; and (d) United States Secret Service.

51. An "Agency Data Sharing Report" prepared by Defendant and setting forth the agencies with which the UC Merced Police Department was sharing ALPR information confirmed the information reported in the news article.

52. The UC Merced Police Department was able to share the ALPR information with unauthorized agencies due to Defendant's failure to maintain reasonable security procedures and practices, in violation of the ALPR Regulations.

53. Additionally, in April 2026, it was reported in a news article that the Merced, California Police Department—an end-user of Defendant's ALPR system—was sharing ALPR information with numerous federal and non-California agencies, including the United States Marshals Service and the Bureau of Indian Affairs.

54. The Merced, California Police Department was able to share the ALPR information with unauthorized agencies due to Defendant's failure to maintain reasonable security procedures and practices, in violation of the ALPR Regulations.

55. On information and belief, based on the Defendant's history of security lapses, Defendant continues to fail to maintain reasonable security procedures and practices.

***Defendant's Failure to Properly Implement and Post a Usage and Privacy Policy***

56. In violation of the ALPR Regulations, Defendant failed to: (a) implement a proper usage and privacy policy; and (b) post its usage and privacy policy conspicuously on its website.

57. For instance, in violation of the ALPR Regulations, Defendant's usage and privacy policy does not include: (a) a "description of the job title or other designation of the employees and independent contractors who are authorized to use or access the ALPR system or to collect

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

ALPR information" (*see* Cal. Civ. Code § 1798.90.51(b)(2)(B)); or (b) a "description of the job title or other designation or the employees and independent contractors who are authorized to access and use the ALPR information" (*see* Cal. Civ. Code § 1798.90.53(b)(2)(B)).

58. Rather than including the requisite description of the job title or other designation, Defendant's usage and privacy policy generically states that: (a) "[a]ll employees of the company are authorized to use the LPR system . . . ."; and (b) "[a]ll independent contractors of the company are authorized to use the LPR system . . . ."

59. Further, in violation of the ALPR Regulations, Defendant's usage and privacy policy does not "contain a description of the reasonable measures that will be used to ensure the accuracy of the ALPR information and correct data errors." *See* Cal. Civ. Code §§ 1798.90.51(b)(2)(F), 1798.90.53(b)(2)(F).

60. Rather than including the requisite description of the reasonable measures Defendant will use to ensure the accuracy of the ALPR information and correct data errors, Defendant's usage and privacy policy merely states that its "collection of LPR data is automated so that the license plate images, and the details of when they are collected, are included in the system without review, along with the computer translation of the license plate number."

61. Further, while Defendant's usage and privacy policy acknowledges that its ALPR information may be incorrect, the policy does not describe how those errors will be corrected: "Although very infrequent, the license plate translation is sometimes inaccurate or incomplete. To avoid mistaken use of LPR data, the company recommends users of the data confirm the computer translation before taking any action as a result of LPR data."

62. In further violation of the ALPR Regulations, Defendant has failed to conspicuously post its usage and privacy policy on its website, motorolasolutions.com (the

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

"Website"). *See* Cal. Civ. Code §§ 1798.90.51(b)(1), 1798.90.53(b)(1). Moreover, Defendant did not provide written public notice of its usage and privacy policy near each of its California ALPR Cameras.

63. Based on a review of the Website, the Website's homepage does not contain a direct link to the relevant usage and privacy policy, nor does it otherwise reference or allude to the existence of any such policy.

64. Even if a Website visitor clicks on the "Products" link on the Website's homepage and then further clicks on the links for "Video Security" and "License plate recognition," the visitor is taken to a promotional page for Defendant's ALPR system that, again, does not contain a direct link to the relevant usage and privacy policy, nor does it otherwise reference or allude to the existence of any such policy.

65. Moreover, even a Website visitor who affirmatively searches for "ALPR" or "automatic license plate recognition" using the Website's search mechanism is not provided with a link to the relevant usage and privacy policy.

66. Far from being conspicuously posted on the Website, Defendant has buried the relevant usage and privacy policy at the following byzantine URL: https://www.motorolasolutions.com/content/dam/msi/docs/products/license-plate-recognition-systems/reaperhd-mobile-lpr-system/lpr_usage_and_privacy_policy.pdf.

***Plaintiffs' Reasonable Expectation of Privacy and the Harm to Plaintiffs***

67. Based on publicly-available information, at relevant times, Defendant maintained, and continues to maintain, California ALPR Cameras near the UC Merced Entrance.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

68. The California ALPR Cameras near the UC Merced Entrance indiscriminately capture license plate information, as well as the date, time and location, of all vehicles that pass by or park near the cameras.

69. Plaintiffs are residents of California that live in Merced, California. At relevant times, Plaintiffs travelled in their vehicles near the UC Merced Entrance.

70. For instance, at relevant times, Plaintiff Rojas travelled in her vehicle near and/or through the UC Merced Entrance on a near daily basis.

71. Among other times, Plaintiff Barriga travelled in her vehicle near and through the UC Merced Entrance on September 20, 2025 and March 12, 2026.

72. At relevant times, each time Plaintiffs travelled near and/or through the UC Merced Entrance—among other locations in California—unbeknownst to Plaintiffs and without their consent, Defendant's California ALPR Cameras captured, *inter alia*, Plaintiffs' personal information, including but not limited to their license plate numbers and geolocation data, as well as the date and time they travelled near or through the entrance.

73. Defendant did not provide written public notice of its usage and privacy policy anywhere near its California ALPR Cameras located near the UC Merced Entrance.

74. Defendant's ALPR system provided the capability for Defendant and other users of the ALPR system to identify Plaintiffs as the drivers and/or registered owners of the vehicles they were driving.

75. At the time Defendant captured, *inter alia*, Plaintiffs' license plate numbers, as well as the date, time and location of their vehicles, Defendant did not disclose to them the fact that it was doing so. Indeed, neither on the relevant California ALPR Cameras operated by Defendant

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

nor near them did Defendant disclose in writing the fact that its ALPR system was in use or any of the usage and privacy policy information required by the ALPR Regulations.

76. Because Defendant did not maintain reasonable security procedures and practices, at relevant times, when Plaintiffs travelled near or through the UC Merced Entrance, on information and belief based on the allegations contained herein, their information was unlawfully accessed and used by, and otherwise shared with and transferred to, various federal and out-of-state agencies.

77. At relevant times, Plaintiffs and Class members had a reasonable expectation that the dates, times and locations of their travels while in their personal vehicles would not be captured by Defendant's ALPR system and disclosed or otherwise shared with or transferred to the federal government and out-of-state public agencies in violation of California law.

78. Moreover, at relevant times, Plaintiffs and Class members had a reasonable expectation that their movements within their personal vehicles would not be tracked or capable of being tracked by the federal government and non-California public agencies via Defendant's network of California ALPR Cameras.

79. Based on recent reports of the federal government arresting United States citizens for seemingly lawful behavior, Defendant's failure to maintain reasonable security procedures and practices with respect to the ALPR information captured by its ALPR system has harmed Plaintiffs in the form of, *inter alia*, emotional distress and the fear that the federal government and non-California agencies are using the information about their travel and location in improper ways and for nefarious purposes.

80. Plaintiffs have suffered actual injury from having their personally identifiable information compromised by Defendant, including but not limited to: (a) violation of their right to

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

privacy; (b) the above-described emotional distress and fear; and (c) the imminent and impending injury arising from the unauthorized disclosure and use of the information captured by Defendant's ALPR system by the federal government and non-California agencies.

81. Defendant engaged in the unlawful conduct alleged herein knowingly, willfully and in reckless disregard of the law. Defendant knowingly caused the harm to Plaintiffs and Class members, as alleged herein.

## CLASS ACTION ALLEGATIONS

82. Plaintiffs bring this action, pursuant to 735 ILCS 5/2-801, individually and on behalf of the following Class: All individuals in the United States whose license plate number or other identifying information was captured by Defendant using Defendant's California ALPR Cameras during the class period.

83. Plaintiffs reserve the right to amend or modify the class definition with greater specificity or division after having had an opportunity to conduct discovery.

84. The "class period" is the time period beginning on the date established by the Court's determination of any applicable statute of limitations – after considering any tolling, concealment and accrual issues – and ending on the date of entry of any judgment.

85. Excluded from the Class are: (a) Defendant; (b) any parent, affiliate or subsidiary of Defendant; (c) any entity in which Defendant has a controlling interest; (d) any officers or directors of Defendant; (e) any successor or assign of Defendant; and (f) counsel for Plaintiffs and Defendant. Also excluded are any judge or court personnel assigned to this case and members of their immediate families.

86. **Numerosity:** The exact number of members of the Class is unknown and unavailable to Plaintiffs at this time, but individual joinder in this case is impracticable. The Class

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

likely consists of thousands of individuals, and the members can be identified through the records of Defendant and public records.

87. **Commonality and predominance:** Common questions of law and fact exist as to all Class members. These common questions of law and fact predominate over any questions affecting only individual members of the proposed Class. Common questions include, but are not limited to, the following:

a. Whether Defendant maintained reasonable security procedures and practices, including operational, administrative, technical and physical safeguards to protect Plaintiffs' and Class members' ALPR information from unauthorized access, use, modification and disclosure;

b. Whether Defendant implemented a usage and privacy policy that was available to the public in writing and conspicuously posted on its Website;

c. Whether Defendant implemented a usage and privacy policy that contained the information required by the ALPR Regulations;

d. Whether Defendant's conduct violated the ALPR Regulations; and

e. Whether Plaintiffs and Class members have been harmed and the proper measure of relief.

88. **Typicality:** Plaintiffs' claims are typical of the claims of the Class they seek to represent. The claims of Plaintiffs and Class members arise from the same conduct by Defendant and are based on the same legal theories.

89. **Superiority:** Absent a class action, most Class members would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Further, certification of a class action to resolve this matter will reduce the possibility of repetitious litigation involving potentially thousands of class members.

90. **Adequacy:** Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no interest that is antagonistic to, or that irreconcilably conflicts with, those of other Class members. Further, Plaintiffs have retained counsel competent and experienced in the prosecution of class action litigation.

## CLAIM FOR RELIEF

### COUNT ONE
### VIOLATION OF CALIFORNIA CIVIL CODE § 1798.90.5, *et seq.*

91. Plaintiffs restate and reallege the allegations of paragraphs 1 through 90, above, as though fully set forth herein.

92. Plaintiffs bring this Count against Defendant individually and on behalf of members of the Class.

93. Each Plaintiff is a natural person and thus, an "individual" pursuant to Cal. Civ. Code § 1798.90.54(a).

94. Defendant is a "person" pursuant to Cal. Civ. Code § 1798.90.5(e) because it is a corporation.

95. As alleged herein, Defendant is an: (a) ALPR operator because it operated and continues to operate an ALPR system; and (b) ALPR end-user because it accessed and used, and continues to access and use, an ALPR system.

96. As alleged herein, Defendant violated the ALPR Regulations by failing to maintain reasonable security procedures and practices.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

97. As alleged herein, Defendant violated the ALPR Regulations by failing to have a usage and privacy policy that was posted conspicuously on its Website.

98. As alleged herein, Defendant violated the ALPR Regulations by failing to have a usage and privacy policy that contained the minimum information required by the ALPR Regulations.

99. As alleged herein, Defendant knowingly caused harm to Plaintiffs and Class members via its violations of the ALPR Regulations. As such, Plaintiffs are entitled to bring this action and are further entitled to: (a) actual damages in an amount not less than liquidated damages of $2,500; (b) punitive damages; (c) reasonable attorney's fees and other litigation costs reasonably incurred; and (d) preliminary and equitable relief as the Court determines to be appropriate.

WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class respectfully requests that the Court:

a. Certify the proposed Class, name Plaintiffs the representatives of the proposed Class and appoint Plaintiffs' counsel as Class counsel;

b. Award each Plaintiff and each member of the proposed Class actual damages in an amount not less than liquidated damages in the amount of $2,500, punitive damages and any other type of permissible damages in amounts to be determined at trial;

c. Grant preliminary and permanent injunctive relief to prohibit Defendant from continuing to engage in the unlawful acts and practices alleged herein;

d. Enter an order declaring that Defendant violated the statutory provisions alleged herein;

e. Award Plaintiffs and members of the proposed Class pre-judgment and post-judgment interest as permitted by law;

f. Award to Plaintiffs their reasonable attorney's fees and other litigation costs reasonably incurred; and

g. Grant all such other relief as it deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action and issues so triable.

Dated: May 27, 2026

Respectfully submitted,

Michelle Rojas and Marissa Barriga,
individually and on behalf of all other persons
similarly situated,

By: /s/ Scott R. Drury
SCOTT R. DRURY
*One of Plaintiffs' Attorneys*

Scott R. Drury
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, Illinois 60040
(312) 358-8225
scott@drurylegal.com
Firm ID No.: 100500

Joshua D. Arisohn (to be admitted *pro hac vice*)
ARISOHN LLC
94 Blakeslee Rd.
Litchfield, CT 06759
(646) 837-7150
josh@arisohnllc.com

*Counsel for Plaintiffs and Putative Class Members*

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| MICHELLE ROJAS and MARISSA BARRIGA, individually and on behalf of all other persons similarly situated, | ) | Case No. 2026CH05072 |
| Plaintiffs, | ) | Judge ____________ |
| v. | ) | |
| MOTOROLA SOLUTIONS, INC., | ) | |
| Defendant. | ) | |

**RULE 222(b) AFFIDAVIT**

Scott R. Drury, an attorney representing Plaintiffs in the above-captioned matter, pursuant to Illinois Supreme Court Rule 222(b), hereby certifies that the cumulative amount of damages sought by Plaintiff and putative class members exceeds $50,000.

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth herein in this Affidavit are true and correct to the best of his knowledge, information and belief.

Dated: May 26, 2026

/s/ Scott R. Drury
SCOTT R. DRURY

Scott R. Drury
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, Illinois 60040
(312) 358-8225
scott@drurylegal.com
Firm ID No.: 100500

FILED
5/27/2026 3:47 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH05072
Calendar, 5
38278990

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

**Chancery Division Civil Cover Sheet**
**General Chancery Section** **(12/01/24) CCCH 0623**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

Michelle Rojas and Marissa Barriga
Plaintiff

v.

Motorola Solutions, Inc.
Defendant

Case No: 2026CH05072

**CHANCERY DIVISION CIVIL COVER SHEET**
**GENERAL CHANCERY SECTION**

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

- 0005 ☐ Administrative Review
- 0001 ☑ Class Action
- 0002 ☐ Declaratory Judgment
- 0004 ☐ Injunction
- 0007 ☐ General Chancery
- 0010 ☐ Accounting
- 0011 ☐ Arbitration
- 0012 ☐ Certiorari
- 0013 ☐ Dissolution of Corporation
- 0014 ☐ Dissolution of Partnership
- 0015 ☐ Equitable Lien
- 0016 ☐ Interpleader
- 0017 ☐ Mandamus
- 0018 ☐ Ne Exeat
- 0019 ☐ Partition
- 0020 ☐ Quiet Title
- 0021 ☐ Quo Warranto
- 0022 ☐ Redemption Rights
- 0023 ☐ Reformation of a Contract
- 0024 ☐ Rescission of a Contract
- 0025 ☐ Specific Performance
- 0026 ☐ Trust Construction
- 0050 ☐ Internet Take Down Action (Compromising Images)
- ☐ Other (specify) ______

◉ Atty. No.: 100500 ○ Pro Se 99500

Atty Name: Drury Legal, LLC / Scott R. Drury

Atty. for: Plaintiffs

Address: 6 Carriage Lane

City: Highwood State: IL

Zip: 60040

Telephone: (312) 358-8225

Primary Email: scott@drurylegal.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: ______

FILED
5/27/2026 3:47 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH05072
Calendar, 5
38278990

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

MICHELLE ROJAS and MARISSA BARRIGA, individually and on behalf of all other persons similarly situated,

Plaintiffs,

v.

MOTOROLA SOLUTIONS, INC.,

Defendant.

Case No. 2026CH05072

Judge ____________________

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiffs Michelle Rojas and Marissa Barriga (collectively, "Plaintiffs"), by and through their counsel, bring this action on behalf of themselves and all others similarly situated against Defendant Motorola Solutions, Inc. ("Defendant" or "Motorola") based upon the factual investigation of their counsel, their personal knowledge as to facts pertaining to themselves and information and belief as to all other matters.

**NATURE OF THE CASE**

1. This is a putative class action against Defendant Motorola for violations of Plaintiffs' and Class members' (defined below) right to privacy, as codified under California Civil Code § 1798, *et seq.*, through the improper and unlawful operation of an automatic license plate reader ("ALPR") system.

2. An ALPR system consists of a "searchable computerized database resulting from the operation of one or more mobile or fixed cameras combined with computer algorithms to read and convert images or registration plates and the characters they contain into computer readable data." *See* Cal. Civ. Code § 1798.50.5(d).

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

3. ALPR systems typically utilize high-speed cameras and accompanying software that record, capture, analyze and store information about vehicles' make, model, license plate numbers and GPS coordinates. Oftentimes, these cameras capture photographs of an entire vehicle, as well as the date, time and location of the vehicle, as it passes the cameras. The cameras may also capture an image of the vehicle driver and passengers and other unique characteristics of the vehicle.

4. ALPR cameras are indiscriminate. They capture images of any vehicle that passes by the ALPR cameras.

5. An ALPR system can be used to target individuals who visit sensitive locations such as immigration clinics, health centers, protests and places of worship.

6. California has determined "that the right to privacy is a personal and fundamental right protected by . . . the Constitution of California and by the United States Constitution and that all individuals have a right to privacy in information pertaining to them." Cal. Civ. Code § 1798.1. In connection therewith, California has found that: (a) "[t]he right to privacy is being threatened by the indiscriminate collection, maintenance, and dissemination of personal information . . . ."; (b) "[t]he increasing use of computers and other sophisticated information technology has greatly magnified the potential risk to individual privacy that can occur from the maintenance of personal information"; and (c) "[i]n order to protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits." *Id.*

7. Defendant is a nationwide private vendor of an ALPR system, including ALPR cameras and software that allow for the analysis of the data captured by the cameras.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

8. Defendant has made, and continues to make, its ALPR system available to third parties throughout California. As a result, Defendant's ALPR cameras are installed in locations throughout California, including Merced, California (the "California ALPR Cameras").

9. The California ALPR Cameras capture license plate information of Plaintiffs and Class members each time they pass by or park near one of the cameras. Further, the California ALPR Cameras capture the GPS coordinates of Plaintiffs and Class members when the pass by or park near the cameras, as well as the date and time they pass by or park near the cameras. The captured information may be used to identify the operator or registered owner of the vehicle.

10. The California ALPR Cameras capture the information described in the preceding paragraph without notice to Plaintiffs and Class members and without their consent.

11. Defendant boasts that, based on the information captured by its ALPR cameras, users of its ALPR system can "[e]asily search for, find and review the location history of a vehicle . . . and determine where it may be located in the future."

12. Unbeknownst to Plaintiffs and Class members, Defendant's ALPR system allows for the sharing of their captured information with the federal government and state agencies outside of California, in violation of California law and Plaintiffs' and Class members' right to privacy. Among the network of entities to which Defendant allows unauthorized access of the ALPR information from the California ALPR Cameras are: (a) Customs and Border Patrol – National Targeting Center; (b) IRS Criminal Investigation; (c) United States Marshals Service; and (d) United States Secret Service.

13. Plaintiffs assert claims on behalf of themselves and all others similarly situated for Defendant's violations of Cal. Civ. Code § 1798.90.5, *et seq.*, which governs the use and operation of ALPR systems within the State of California.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

## PARTIES

14. Plaintiff Michelle Rojas is a citizen of California, residing in Merced, California near the entrance to the University of California – Merced ("UC Merced") located at Lake Road and Bellevue Road in Merced, California (the UC Merced Entrance"). At relevant times, Defendant's California ALPR Cameras captured Plaintiff Rojas' license plate number and geolocation data, among other personal information, when she passed by Defendant's ALPR cameras located near the UC Merced Entrance.

15. Plaintiff Marissa Barriga is a citizen of California, residing in Merced, California. At relevant times, Defendant's California ALPR Cameras captured Plaintiff Barriga's license plate number and geolocation data, among other personal information, when she passed by Defendant's ALPR cameras located near the UC Merced Entrance.

16. Defendant Motorola Solutions, Inc. is a Delaware corporation with its principal place of business located in Chicago, Illinois.

## JURISDICTION AND VENUE

17. This Court has jurisdiction pursuant to 735 ILCS 5/2-209, as Defendant is a corporation that does business within the State of Illinois.

18. Pursuant to 735 ILCS 5/2-101 and 102, venue is proper because Defendant is a resident of Cook County, Illinois.

## FACTUAL BACKGROUND

***ALPR Systems***

19. ALPR systems consist of computer-controlled cameras, among other things, that automatically capture license plate numbers within their view, along with the location, date and time the image is captured.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

20. ALPR cameras can be stationary or mobile, such as when they are affixed to a moving vehicle.

21. The information captured by ALPR cameras can include images of the vehicle to which a license plate is attached and the driver and passengers of the vehicle.

22. ALPR cameras capture information indiscriminately. ALPR system operators, like Defendant, use this information to amass profiles on the vehicles that pass by or park near their ALPR cameras to allow end-users to "search for, find and review the location history of a vehicle . . . and determine where it may be located in the future."

23. By amassing profiles in the above-described manner, ALPR systems can be used for nefarious purposes, such as to track and locate protestors, people attending religious events or persons with a particular immigration status.

***Defendant Motorola and Its ALPR System***

24. Defendant touts itself as a "global leader in mission-critical safety and security technologies for public safety, government, including defense, and enterprise customers." Defendant claims to "design and advance technology for more than 100,000 customers in over 100 countries . . . ." Defendant claims the goal of, among other things, dismantling "silos and barriers between people and systems . . . ."

25. One of Defendant's core business segments is video technology, which includes ALPR technology and AI-powered analytics. According to Defendant, its "video software integrates AI-powered analytics to deliver operational insights to [its] customers by bringing attention to important events within their video footage." It is Defendant's view that "these insights can help to proactively detect an important event in real time as well as reactively search video

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

content to investigate an important event that occurred in the past." In Defendant's words, its AI-powered analytics can use license plate recognition to "flag a vehicle of interest."

26. Defendant claims that users of its ALPR system have access to "over 40 Billion 3rd Party Scans" and that it is the only one in the industry with a database that goes back over 17 years.

27. Defendant's published materials regarding its ALPR system indicate that its fixed and mobile ALPR cameras can obtain vehicle data of vehicles traveling up to 150 miles per hour in the dark and can read "all plates, temporary tags, paper tags and even identify when a plate is missing."

28. The data collected via Defendant's ALPR system may be used to identify the driver or registered owner of the vehicle whose data is collected. Defendant's ALPR system stores this personally identifiable information and makes it available to users of the ALPR system.

29. Defendant uses the ALPR system to collect and store ALPR data for its own commercial purposes. Defendant also makes the ALPR system available to customers, such as law enforcement agencies and commercial customers.

***Defendant's Failures to Safeguard ALPR Information***

30. Beyond Defendant's self-serving claims about the benefits of its ALPR system, its ALPR system has been newsworthy for its security lapses.

31. For instance, in June 2024, the Cybersecurity & Infrastructure Security Agency ("CISA") issued an advisory regarding "Motorola Solutions Vigilant License Plate Readers," citing vulnerabilities in Defendant's ALPR technology that "could allow an attacker to tamper with the device, access sensitive information and credentials, or perform a replay attack." For context, Vigilant Solutions was a provider of ALPR technology that was purchased by Defendant in 2019.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

32. Further, in January 2025, an independent security researcher revealed that it was possible for people to view real-time footage and data from Defendant's ALPR cameras on the open internet without authentication. In other words, the video and data streams from the ALPR cameras could be watched without any sort of login.

33. Moreover, as alleged in more detail below, despite California law requiring ALPR operators to maintain reasonable security procedures and practices, including operational, administrative, technical and physical safeguards to protect ALPR information from unauthorized access, use, modification and disclosure, in April 2026, it was reported that the federal government and non-California agencies had access to ALPR information captured by Defendant's ALPR system despite such access and use being prohibited by California law.

***California's ALPR Regulations***

34. California Civil Code § 1798.90.5, *et seq.*, regulates the operation and use of ALPR systems by ALPR operators and end-users (the "ALPR Regulations").

35. Pursuant to the ALPR Regulations, an "ALPR system" is a "searchable and computerized database resulting from the operation of one or more mobile or fixed cameras combined with computer algorithms to read and convert images or registration plates and the characters they contain into computer-readable data." Cal. Civ. Code § 1798.90.5(d).

36. Pursuant to the ALPR Regulations, a "person" is "any natural person, public agency, partnership, firm, association, corporation, limited liability company or other legal entity." Cal. Civ. Code § 1798.90.5(e).

37. Pursuant to the ALPR Regulations, an "ALPR operator" is a "person that operates an ALPR system," subject to an exception that is not applicable here. Cal. Civ. Code § 1798.90.5(c).

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

38. Pursuant to the ALPR Regulations, an "ALPR end-user" is a "person that accesses or uses an ALPR system," subject to exceptions that are not applicable here. Cal. Civ. Code § 1798.90.5(a).

39. Pursuant to the ALPR Regulations, "ALPR information" is "information or data collected through the use of an ALPR system." Cal. Civ. Code § 1798.90.5(b).

40. Pursuant to the ALPR Regulations, "public agency" means "the state, any city, county, or city and county, or any agency or political subdivision of the state or a city, county, or city and county, including but not limited to, a law enforcement agency." Cal. Civ. Code § 1798.90.5(f).

41. According to the ALPR Regulations, an ALPR operator is required to:

(a) Maintain reasonable security procedures and practices, including operational, administrative, technical, and physical safeguards, to protect ALPR information from unauthorized access, destruction, use, modification, or disclosure.

(b)(1) Implement a usage and privacy policy in order to ensure that the collection, use, maintenance, sharing, and dissemination of ALPR information is consistent with respect for individuals' privacy and civil liberties. The usage and privacy policy shall be available to the public in writing, and, if the ALPR operator has an Internet Web site, the usage and privacy policy shall be posted conspicuously on that Internet Web site.

(2) The usage and privacy policy shall, at a minimum, include all of the following:

(A) The authorized purposes for using the ALPR system and collecting ALPR information.

(B) A description of the job title or other designation or the employees and independent contractors who are authorized to use or access the ALPR system or to collect ALPR information. The policy shall identify the training requirements necessary for those authorized employees and independent contractors.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

(C) A description of how the ALPR system will be monitored to ensure the security of the information and compliance with applicable privacy laws.

(D) The purposes of, process for, and restrictions on, the sale, sharing, or transfer of ALPR information to other persons.

(E) The title of the official custodian, or owner, of the ALPR system responsible for implementing this section.

(F) A description of the reasonable measures that will be used to ensure the accuracy of the ALPR information and correct data errors.

(G) The length of time ALPR information will be retained, and the process the ALPR operator will utilize to determine if and when to destroy retained ALPR information.

Cal. Civ. Code § 1798.90.51.

42. According to the ALPR Regulations, an ALPR end-user is required to:

(a) Maintain reasonable security procedures and practices, including operational, administrative, technical, and physical safeguards, to protect ALPR information from unauthorized access, destruction, use, modification, or disclosure.

(b)(1) Implement a usage and privacy policy in order to ensure that the access, use, sharing, and dissemination of ALPR information is consistent with respect for individuals' privacy and civil liberties. The usage and privacy policy shall be available to the public in writing, and, if the ALPR end-user has an Internet Web site, the usage and privacy policy shall be posted conspicuously on that Internet Web site.

(2) The usage and privacy policy shall, at a minimum, include all of the following:

(A) The authorized purposes for accessing and using the ALPR information.

(B) A description of the job title or other designation or the employees and independent contractors who are authorized to access and use the ALPR information. The policy shall identify the training requirements necessary for those authorized employees and independent contractors.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

(C) A description of how the ALPR system will be monitored to ensure the security of the information accessed or used and compliance with applicable privacy laws and a process for periodic system audits.

(D) The purposes of, process for, and restrictions on, the sale, sharing, or transfer of ALPR information to other persons.

(E) The title of the official custodian, or owner, of the ALPR information responsible for implementing this section.

(F) A description of the reasonable measures that will be used to ensure the accuracy of the ALPR information and correct data errors.

(G) The length of time ALPR information will be retained, and the process the ALPR end-user will utilize to determine if and when to destroy retained ALPR information.

Cal. Civ. Code § 1798.90.53.

43. Pursuant to the ALPR Regulations, a "public agency shall not sell, share, or transfer ALPR information, except to another public agency, and only as otherwise permitted by law." Cal. Civ. Code § 1798.90.55. However, "the provision of data hosting or towing services shall not be considered the sale, sharing, or transferring of ALPR information." *Id.*

44. Pursuant to the ALPR Regulations, an individual who has been harmed by a violation of the ALPR Regulations may bring a civil action against a person who knowingly caused the harm, and the court may award a combination of any one or more of the following: (1) "[a]ctual damages, but not less than liquidated damages in the amount of two thousand five hundred dollars ($2,500)"; (2) "[p]unitive damages upon proof of willful or reckless disregard of the law"; (3) "[r]easonable attorney's fees and other litigation costs reasonably incurred"; and (4) "[o]ther preliminary and equitable relief as the court determines to be appropriate." Cal. Civ. Code § 1798.90.54.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

***Defendant's Violations of the ALPR Regulations***

***Defendant's Failures to Maintain Reasonable Security Procedures and Practices***

45. Defendant is, and at relevant times has been, an ALPR operator and ALPR end-user. As alleged herein, Defendant operates, and at relevant times has operated an ALPR system. Further, as alleged herein, Defendant accesses and uses, and at relevant times has accessed and used, its ALPR system for its own purposes.

46. In violation of the ALPR Regulations, at relevant times, Defendant failed to maintain reasonable security procedures and practices, including operational, administrative, technical and physical safeguards, to protect ALPR information from unauthorized access, destruction, use, modification and disclosure. *See* Cal. Civ. Code § 1798.90.51(a).

47. For instance, in violation of the ALPR Regulations, vulnerabilities in Defendant's ALPR system allowed attackers to tamper with a specified ALPR device and access sensitive information and credentials, among other things.

48. Further, in violation of the ALPR Regulations, certain of Defendant's ALPR cameras allowed people to view real-time footage and data from the cameras on the open internet without authentication.

49. Moreover, in violation of the ALPR Regulations, Defendant permitted end-users of its ALPR system to disclose ALPR information to unauthorized users and, at the same time, permitted unauthorized access and use of ALPR information.

50. For instance, in April 2026, it was reported in a news article that the UC Merced Police Department—an end-user of Defendant's ALPR system—was sharing ALPR information with numerous federal and non-California agencies, including Customs and Border Patrol –

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

National Targeting Center; (b) IRS Criminal Investigation; (c) United States Marshals Service; and (d) United States Secret Service.

51. An "Agency Data Sharing Report" prepared by Defendant and setting forth the agencies with which the UC Merced Police Department was sharing ALPR information confirmed the information reported in the news article.

52. The UC Merced Police Department was able to share the ALPR information with unauthorized agencies due to Defendant's failure to maintain reasonable security procedures and practices, in violation of the ALPR Regulations.

53. Additionally, in April 2026, it was reported in a news article that the Merced, California Police Department—an end-user of Defendant's ALPR system—was sharing ALPR information with numerous federal and non-California agencies, including the United States Marshals Service and the Bureau of Indian Affairs.

54. The Merced, California Police Department was able to share the ALPR information with unauthorized agencies due to Defendant's failure to maintain reasonable security procedures and practices, in violation of the ALPR Regulations.

55. On information and belief, based on the Defendant's history of security lapses, Defendant continues to fail to maintain reasonable security procedures and practices.

***Defendant's Failure to Properly Implement and Post a Usage and Privacy Policy***

56. In violation of the ALPR Regulations, Defendant failed to: (a) implement a proper usage and privacy policy; and (b) post its usage and privacy policy conspicuously on its website.

57. For instance, in violation of the ALPR Regulations, Defendant's usage and privacy policy does not include: (a) a "description of the job title or other designation of the employees and independent contractors who are authorized to use or access the ALPR system or to collect

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

ALPR information" (*see* Cal. Civ. Code § 1798.90.51(b)(2)(B)); or (b) a "description of the job title or other designation or the employees and independent contractors who are authorized to access and use the ALPR information" (*see* Cal. Civ. Code § 1798.90.53(b)(2)(B)).

58. Rather than including the requisite description of the job title or other designation, Defendant's usage and privacy policy generically states that: (a) "[a]ll employees of the company are authorized to use the LPR system . . . ."; and (b) "[a]ll independent contractors of the company are authorized to use the LPR system . . . ."

59. Further, in violation of the ALPR Regulations, Defendant's usage and privacy policy does not "contain a description of the reasonable measures that will be used to ensure the accuracy of the ALPR information and correct data errors." *See* Cal. Civ. Code §§ 1798.90.51(b)(2)(F), 1798.90.53(b)(2)(F).

60. Rather than including the requisite description of the reasonable measures Defendant will use to ensure the accuracy of the ALPR information and correct data errors, Defendant's usage and privacy policy merely states that its "collection of LPR data is automated so that the license plate images, and the details of when they are collected, are included in the system without review, along with the computer translation of the license plate number."

61. Further, while Defendant's usage and privacy policy acknowledges that its ALPR information may be incorrect, the policy does not describe how those errors will be corrected: "Although very infrequent, the license plate translation is sometimes inaccurate or incomplete. To avoid mistaken use of LPR data, the company recommends users of the data confirm the computer translation before taking any action as a result of LPR data."

62. In further violation of the ALPR Regulations, Defendant has failed to conspicuously post its usage and privacy policy on its website, motorolasolutions.com (the

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

"Website"). *See* Cal. Civ. Code §§ 1798.90.51(b)(1), 1798.90.53(b)(1). Moreover, Defendant did not provide written public notice of its usage and privacy policy near each of its California ALPR Cameras.

63. Based on a review of the Website, the Website's homepage does not contain a direct link to the relevant usage and privacy policy, nor does it otherwise reference or allude to the existence of any such policy.

64. Even if a Website visitor clicks on the "Products" link on the Website's homepage and then further clicks on the links for "Video Security" and "License plate recognition," the visitor is taken to a promotional page for Defendant's ALPR system that, again, does not contain a direct link to the relevant usage and privacy policy, nor does it otherwise reference or allude to the existence of any such policy.

65. Moreover, even a Website visitor who affirmatively searches for "ALPR" or "automatic license plate recognition" using the Website's search mechanism is not provided with a link to the relevant usage and privacy policy.

66. Far from being conspicuously posted on the Website, Defendant has buried the relevant usage and privacy policy at the following byzantine URL: https://www.motorolasolutions.com/content/dam/msi/docs/products/license-plate-recognition-systems/reaperhd-mobile-lpr-system/lpr_usage_and_privacy_policy.pdf.

***Plaintiffs' Reasonable Expectation of Privacy and the Harm to Plaintiffs***

67. Based on publicly-available information, at relevant times, Defendant maintained, and continues to maintain, California ALPR Cameras near the UC Merced Entrance.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

68. The California ALPR Cameras near the UC Merced Entrance indiscriminately capture license plate information, as well as the date, time and location, of all vehicles that pass by or park near the cameras.

69. Plaintiffs are residents of California that live in Merced, California. At relevant times, Plaintiffs travelled in their vehicles near the UC Merced Entrance.

70. For instance, at relevant times, Plaintiff Rojas travelled in her vehicle near and/or through the UC Merced Entrance on a near daily basis.

71. Among other times, Plaintiff Barriga travelled in her vehicle near and through the UC Merced Entrance on September 20, 2025 and March 12, 2026.

72. At relevant times, each time Plaintiffs travelled near and/or through the UC Merced Entrance—among other locations in California—unbeknownst to Plaintiffs and without their consent, Defendant's California ALPR Cameras captured, *inter alia*, Plaintiffs' personal information, including but not limited to their license plate numbers and geolocation data, as well as the date and time they travelled near or through the entrance.

73. Defendant did not provide written public notice of its usage and privacy policy anywhere near its California ALPR Cameras located near the UC Merced Entrance.

74. Defendant's ALPR system provided the capability for Defendant and other users of the ALPR system to identify Plaintiffs as the drivers and/or registered owners of the vehicles they were driving.

75. At the time Defendant captured, *inter alia*, Plaintiffs' license plate numbers, as well as the date, time and location of their vehicles, Defendant did not disclose to them the fact that it was doing so. Indeed, neither on the relevant California ALPR Cameras operated by Defendant

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

nor near them did Defendant disclose in writing the fact that its ALPR system was in use or any of the usage and privacy policy information required by the ALPR Regulations.

76. Because Defendant did not maintain reasonable security procedures and practices, at relevant times, when Plaintiffs travelled near or through the UC Merced Entrance, on information and belief based on the allegations contained herein, their information was unlawfully accessed and used by, and otherwise shared with and transferred to, various federal and out-of-state agencies.

77. At relevant times, Plaintiffs and Class members had a reasonable expectation that the dates, times and locations of their travels while in their personal vehicles would not be captured by Defendant's ALPR system and disclosed or otherwise shared with or transferred to the federal government and out-of-state public agencies in violation of California law.

78. Moreover, at relevant times, Plaintiffs and Class members had a reasonable expectation that their movements within their personal vehicles would not be tracked or capable of being tracked by the federal government and non-California public agencies via Defendant's network of California ALPR Cameras.

79. Based on recent reports of the federal government arresting United States citizens for seemingly lawful behavior, Defendant's failure to maintain reasonable security procedures and practices with respect to the ALPR information captured by its ALPR system has harmed Plaintiffs in the form of, *inter alia*, emotional distress and the fear that the federal government and non-California agencies are using the information about their travel and location in improper ways and for nefarious purposes.

80. Plaintiffs have suffered actual injury from having their personally identifiable information compromised by Defendant, including but not limited to: (a) violation of their right to

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

privacy; (b) the above-described emotional distress and fear; and (c) the imminent and impending injury arising from the unauthorized disclosure and use of the information captured by Defendant's ALPR system by the federal government and non-California agencies.

81. Defendant engaged in the unlawful conduct alleged herein knowingly, willfully and in reckless disregard of the law. Defendant knowingly caused the harm to Plaintiffs and Class members, as alleged herein.

**CLASS ACTION ALLEGATIONS**

82. Plaintiffs bring this action, pursuant to 735 ILCS 5/2-801, individually and on behalf of the following Class: All individuals in the United States whose license plate number or other identifying information was captured by Defendant using Defendant's California ALPR Cameras during the class period.

83. Plaintiffs reserve the right to amend or modify the class definition with greater specificity or division after having had an opportunity to conduct discovery.

84. The "class period" is the time period beginning on the date established by the Court's determination of any applicable statute of limitations – after considering any tolling, concealment and accrual issues – and ending on the date of entry of any judgment.

85. Excluded from the Class are: (a) Defendant; (b) any parent, affiliate or subsidiary of Defendant; (c) any entity in which Defendant has a controlling interest; (d) any officers or directors of Defendant; (e) any successor or assign of Defendant; and (f) counsel for Plaintiffs and Defendant. Also excluded are any judge or court personnel assigned to this case and members of their immediate families.

86. **Numerosity:** The exact number of members of the Class is unknown and unavailable to Plaintiffs at this time, but individual joinder in this case is impracticable. The Class

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

likely consists of thousands of individuals, and the members can be identified through the records of Defendant and public records.

87. **Commonality and predominance:** Common questions of law and fact exist as to all Class members. These common questions of law and fact predominate over any questions affecting only individual members of the proposed Class. Common questions include, but are not limited to, the following:

a. Whether Defendant maintained reasonable security procedures and practices, including operational, administrative, technical and physical safeguards to protect Plaintiffs' and Class members' ALPR information from unauthorized access, use, modification and disclosure;

b. Whether Defendant implemented a usage and privacy policy that was available to the public in writing and conspicuously posted on its Website;

c. Whether Defendant implemented a usage and privacy policy that contained the information required by the ALPR Regulations;

d. Whether Defendant's conduct violated the ALPR Regulations; and

e. Whether Plaintiffs and Class members have been harmed and the proper measure of relief.

88. **Typicality:** Plaintiffs' claims are typical of the claims of the Class they seek to represent. The claims of Plaintiffs and Class members arise from the same conduct by Defendant and are based on the same legal theories.

89. **Superiority:** Absent a class action, most Class members would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Further, certification of a class action to resolve this matter will reduce the possibility of repetitious litigation involving potentially thousands of class members.

90. **Adequacy:** Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no interest that is antagonistic to, or that irreconcilably conflicts with, those of other Class members. Further, Plaintiffs have retained counsel competent and experienced in the prosecution of class action litigation.

## CLAIM FOR RELIEF

### COUNT ONE
### VIOLATION OF CALIFORNIA CIVIL CODE § 1798.90.5, *et seq.*

91. Plaintiffs restate and reallege the allegations of paragraphs 1 through 90, above, as though fully set forth herein.

92. Plaintiffs bring this Count against Defendant individually and on behalf of members of the Class.

93. Each Plaintiff is a natural person and thus, an "individual" pursuant to Cal. Civ. Code § 1798.90.54(a).

94. Defendant is a "person" pursuant to Cal. Civ. Code § 1798.90.5(e) because it is a corporation.

95. As alleged herein, Defendant is an: (a) ALPR operator because it operated and continues to operate an ALPR system; and (b) ALPR end-user because it accessed and used, and continues to access and use, an ALPR system.

96. As alleged herein, Defendant violated the ALPR Regulations by failing to maintain reasonable security procedures and practices.

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

97. As alleged herein, Defendant violated the ALPR Regulations by failing to have a usage and privacy policy that was posted conspicuously on its Website.

98. As alleged herein, Defendant violated the ALPR Regulations by failing to have a usage and privacy policy that contained the minimum information required by the ALPR Regulations.

99. As alleged herein, Defendant knowingly caused harm to Plaintiffs and Class members via its violations of the ALPR Regulations. As such, Plaintiffs are entitled to bring this action and are further entitled to: (a) actual damages in an amount not less than liquidated damages of $2,500; (b) punitive damages; (c) reasonable attorney's fees and other litigation costs reasonably incurred; and (d) preliminary and equitable relief as the Court determines to be appropriate.

WHEREFORE, Plaintiffs, on behalf of themselves and members of the Class respectfully requests that the Court:

a. Certify the proposed Class, name Plaintiffs the representatives of the proposed Class and appoint Plaintiffs' counsel as Class counsel;

b. Award each Plaintiff and each member of the proposed Class actual damages in an amount not less than liquidated damages in the amount of $2,500, punitive damages and any other type of permissible damages in amounts to be determined at trial;

c. Grant preliminary and permanent injunctive relief to prohibit Defendant from continuing to engage in the unlawful acts and practices alleged herein;

d. Enter an order declaring that Defendant violated the statutory provisions alleged herein;

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

e. Award Plaintiffs and members of the proposed Class pre-judgment and post-judgment interest as permitted by law;

f. Award to Plaintiffs their reasonable attorney's fees and other litigation costs reasonably incurred; and

g. Grant all such other relief as it deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all causes of action and issues so triable.

Dated: May 27, 2026

Respectfully submitted,

Michelle Rojas and Marissa Barriga,
individually and on behalf of all other persons
similarly situated,

By: /s/ Scott R. Drury
SCOTT R. DRURY
*One of Plaintiffs' Attorneys*

Scott R. Drury
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, Illinois 60040
(312) 358-8225
scott@drurylegal.com
Firm ID No.: 100500

Joshua D. Arisohn (to be admitted *pro hac vice*)
ARISOHN LLC
94 Blakeslee Rd.
Litchfield, CT 06759
(646) 837-7150
josh@arisohnllc.com

*Counsel for Plaintiffs and Putative Class Members*

FILED DATE: 5/27/2026 3:47 PM 2026CH05072

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| MICHELLE ROJAS and MARISSA BARRIGA, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA SOLUTIONS, INC.,<br><br>Defendant. | Case No. 2026CH05072<br><br>Judge ____________________ |

**RULE 222(b) AFFIDAVIT**

Scott R. Drury, an attorney representing Plaintiffs in the above-captioned matter, pursuant to Illinois Supreme Court Rule 222(b), hereby certifies that the cumulative amount of damages sought by Plaintiff and putative class members exceeds $50,000.

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth herein in this Affidavit are true and correct to the best of his knowledge, information and belief.

Dated: May 26, 2026

/s/ Scott R. Drury
SCOTT R. DRURY

Scott R. Drury
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, Illinois 60040
(312) 358-8225
scott@drurylegal.com
Firm ID No.: 100500

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

FILED DATE: 5/28/2026 11:08 AM 2026CH05072

| STATE OF ILLINOIS, CIRCUIT COURT<br>Cook COUNTY | SUMMONS | *For Court Use Only*<br>Hearing Date: No hearing scheduled<br>Location: <<CourtRoomNumber>><br>Judge: Calendar, 5<br><br>FILED<br>5/28/2026 11:08 AM<br>Mariyana T. Spyropoulos<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2026CH05072<br>Calendar, 5<br>38291260 |
|---|---|---|

**Instructions ▼**

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | MICHELLE ROJAS and MARISSA BARRIGA<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | MOTOROLA SOLUTIONS, INC.<br>**Defendant / Respondent** *(First, middle, last name)* | 2026CH05072<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons*, *Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1. Defendant/Respondent's address and service information:**

a. Defendant/Respondent's primary address/information for service:
Name *(First, Middle, Last)*: MOTOROLA SOLUTIONS, INC.
Registered Agent's name, if any: C T CORPORATION SYSTEM
Street Address, Unit #: 208 South LaSalle Street, Suite 814
City, State, ZIP: Chicago, IL 60604-1101
Telephone: ________ Email: ________

In **1b**, enter a second address for Defendant/ Respondent, if you have one.

b. If you have more than one address where Defendant/Respondent might be found, list that here:
Name *(First, Middle, Last)*: ________
Street Address, Unit #: ________
City, State, ZIP: ________
Telephone: ________ Email: ________

In **1c**, check how you are sending your documents to Defendant/ Respondent.

c. Method of service on Defendant/Respondent:
☑ Sheriff ☐ Sheriff outside Illinois: ________ *County & State*
☐ Special process server ☐ Licensed private detective

Enter the Case Number given by the Circuit Clerk: 2026CH05072

FILED DATE: 5/28/2026 11:08 AM 2026CH05072

In **2**, enter the amount of money owed to you.

**2. Information about the lawsuit:**

Amount claimed: > $ 50,000.00

In **3**, enter your complete address, telephone number, and email address, if you have one.

**3. Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*: Scott R. Drury / Drury Legal, LLC

Street Address, Unit #: 6 Carriage Lane

City, State, ZIP: Highwood, IL 60040

Telephone: (312) 358-8225 Email: scott@drurylegal.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

In **4a,** fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

In **4b,** fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website.

All of this information is available from the Circuit Clerk.

**4. Instructions for person receiving this *Summons* (Defendant):**

[X] a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

Address: Richard J. Daley Center, 50 W. Washington Street

City, State, ZIP: Chicago, IL 60602

[X] b. Attend court:

On: 07/27/2026 (*Date*) at 9:30 (*Time*) ☑ a.m. ☐ p.m. in 2308 (*Courtroom*)

**In-person at:**

| *Courthouse Address* | *City* | *State* | *ZIP* |
|---|---|---|---|
| 50 W. Washington Street | Chicago | IL | 60602 |

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: (312) 626-6799 (Passcode: 739301)
*Call-in number for telephone remote appearance*

By video conference: https://zoom.us/join
*Video conference website*

Meeting ID: 940 2402 4757 / Passcode: 739301
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: (312) 603-6030 (*Circuit Clerk's phone number*) or visit their website at: https://www.cookcountyclerkofcourt.org/ (*Website*) to find out more about how to do this.

**STOP!**
The Circuit Clerk will fill in this section.

**Witness this Date:** 5/28/2026 11:08 AM Mariyana T. Spyropoulos

*Seal of Court*

**Clerk of the Court:** ______________________

**STOP!**
The officer or process server will fill in the Date of Service.

**This *Summons* must be served within 30 days of the witness date.**

Date of Service: ______________________
*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

FILED DATE: 5/28/2026 11:08 AM 2026CH05072

| STATE OF ILLINOIS, CIRCUIT COURT<br>Cook COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | | |
| Enter your name as Plaintiff/Petitioner. | MICHELLE ROJAS and MARISSA BARRIGA<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br>MOTOROLA SOLUTIONS, INC.<br>**Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | 2026CH05072<br>**Case Number** |

****Stop. Do not complete the form. The sheriff or special process server will fill in the form.****

**My name is** ______________________ **and I state**
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**
______________________ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: ________ Race: ________
On this date: ________ at this time: ________ ☐ a.m. ☐ p.m.
Address, Unit#: ________
City, State, ZIP: ________

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: ________ at this time: ________ ☐ a.m. ☐ p.m.
Address, Unit#: ________
City, State, ZIP: ________
And left it with: ________
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: ________ Race: ________
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on ________ , 20 ____ .

☐ On the Corporation's agent, ________
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: ________ Race: ________
On this date: ________ at this time: ________ ☐ a.m. ☐ p.m.
Address: ________
City, State, ZIP: ________

FILED DATE: 5/28/2026 11:08 AM 2026CH05072

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

______________________________
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

2. On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

3. On this date: ____________ at this time: ________ ☐ a.m. ☐ p.m.
   Address: ______________________________
   City, State, ZIP: ______________________________
   Other information about service attempt: ______________________________

**DO NOT** complete this section. The sheriff or private process server will complete it.

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

______________________________

*Signature by:* ☐ Sheriff
☐ Sheriff outside Illinois:

______________________________
*County and State*

☐ Special process server
☐ Licensed private detective

______________________________
*Print Name*

**FEES**

| | | |
|---|---|---|
| Service and Return: | | $ |
| Miles | ________ | $ |
| Total | | $ 0.00 |

If *Summons* is served by licensed private detective or private detective agency:
License Number: ______________________________

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 5

FILED
6/10/2026 1:29 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH05072
Calendar, 5
38497568

FILED DATE: 6/10/2026 1:29 PM 2026CH05072

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

MICHELLE ROJAS and MARISSA BARRIGA, individually and on behalf of all other persons similarly situated,

Plaintiffs,

v.

MOTOROLA SOLUTIONS, INC.,

Defendant.

Case No. 2026CH05072

Judge Neil H. Cohen

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs Michelle Rojas and Marissa Barriga (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their counsel, pursuant to 735 ILCS 5/2-801, respectfully move this Court to enter an Order: (a) certifying and determining that this action may properly be maintained as a class action; (b) certifying the Class defined below; (c) appointing Plaintiffs as Class representatives; and (d) appointing Scott R. Drury and Joshua D. Arisohn to serve as co-lead class counsel. In support of this motion, Plaintiffs state as follows:

1. The Class sought to be maintained by Plaintiffs, on behalf of themselves and all others similarly situated, may be defined as follows: All individuals in the United States whose license plate number or other identifying information was captured by Defendant Motorola Solutions, Inc. ("Defendant") using Defendant's California automatic license plate reader ("ALPR") cameras during the class period.

2. **Numerosity:** While the exact number of Class members is not known at this time, on information and belief, the Class contains at least thousands of individuals, and the members can be identified through the records of Defendant and public records.

FILED DATE: 6/10/2026 1:29 PM 2026CH05072

2. **Commonality and predominance:** Common questions of law or fact exist as to all Class members. The common questions of law or fact predominate over any questions affecting only individual members of the proposed Class. Common questions include, but are not limited to, the following:

a. Whether Defendant maintained reasonable security procedures and practices, including operational, administrative, technical and physical safeguards to protect Plaintiffs' and Class members' ALPR information from unauthorized access, use, modification and disclosure;

b. Whether Defendant implemented a usage and privacy policy that was available to the public in writing and conspicuously posted on its website, motorolasolutions.com;

c. Whether Defendant implemented a usage and privacy policy that contained the information required by the regulations set forth in Cal. Civ. Code § 1798.90, *et seq.* (the "ALPR Regulations");

d. Whether Defendant's conduct violated the ALPR Regulations; and

e. Whether Plaintiffs and Class members have been harmed and the proper measure of relief.

3. **Typicality:** The claims of Plaintiff are typical of the claims of the Class. The claims of Plaintiffs and Class members arise from the same conduct by Defendant and are based on the same legal theories, namely Defendant's failure to comply with the ALPR Regulations.

4. **Adequacy:** Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class in that they have no interest that is antagonistic to, or that irreconcilably conflicts with those of other members of the proposed Class. Further, Plaintiffs have retained counsel competent and experienced in the prosecution of class action litigation.

FILED DATE: 6/10/2026 1:29 PM 2026CH05072

5. **Superiority:** Class adjudication is superior to all other available methods for adjudication of this controversy. Absent a class action, most members of the proposed Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. Further, certification of a class action to resolve this matter will reduce the possibility of repetitious litigation involving potentially thousands of class members. Moreover, class adjudication is manageable.

WHEREFORE, Plaintiffs Rojas and Barriga respectfully request that this Court enter an Order: (a) certifying and determining that this action may properly be maintained as a class action; (b) certifying the proposed Class; (c) appointing Plaintiffs Rojas and Barriga to serve as Class representatives; and (d) appointing Scott R. Drury and Joshua D. Arisohn to serve as co-lead class counsel.

Dated: June 10, 2026

Respectfully submitted,

Michelle Rojas and Marissa Barriga,
individually and on behalf of all other persons
similarly situated,

By: /s/ Scott R. Drury
SCOTT R. DRURY
*One of Plaintiffs' Attorneys*

Scott R. Drury
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, Illinois 60040
(312) 358-8225
scott@drurylegal.com
Firm ID No.: 100500

FILED DATE: 6/10/2026 1:29 PM 2026CH05072

Joshua D. Arisohn (to be admitted *pro hac vice*)
ARISOHN LLC
94 Blakeslee Rd.
Litchfield, CT 06759
(646) 837-7150
josh@arisohnllc.com

*Counsel for Plaintiffs and Putative Class Members*

FILED DATE: 6/10/2026 1:29 PM 2026CH05072

## CERTIFICATE OF SERVICE

Scott R. Drury, an attorney, certifies that on June 10, 2026, he served a true and correct copy of the foregoing document via the Court's Odyssey electronic filing system.

/s/ Scott R. Drury
SCOTT R. DRURY

Date: 6/16/2026

CIRCUIT COURT OF COOK COUNTY
DOMESTIC RELATIONS DIVISION.
50 W. WASHINGTON ST., CHICAGO, IL 60602

Rojas Michelle

-

DruryScott Robert
drury@loevy.com

CASE: 2026CH05072

Rojas, Michelle -vs- Motorola Solutions, Inc.,

You are scheduled to appear on Monday July 27 2026 at 09:30 AM
VIA ZOOM on " + enotice.Calendar + " for your initial case management date.

Zoom information can be found by clicking “Domestic Relations Division Zoom Information”
on the following webpage: https://www.cookcountycourtil.gov/about/remote-court-proceedings."

Instructions for accessing Zoom are available at
www.cookcountycourt.gov and www.zoom.com. For additional information
on the Domestic Relations Division, please visit
www.cookcountycourtil.gov/division/domestic-relations-division.

Date: 6/16/2026

CIRCUIT COURT OF COOK COUNTY
DOMESTIC RELATIONS DIVISION.
50 W. WASHINGTON ST., CHICAGO, IL 60602

Rojas Michelle

-

DruryScott Robert
drury@loevy.com

CASE: 2026CH05072

Rojas, Michelle -vs- Motorola Solutions, Inc.,

You are scheduled to appear on Monday July 27 2026 at 09:30 AM
VIA ZOOM on " + enotice.Calendar + " for your initial case management date.

Zoom information can be found by clicking “Domestic Relations Division Zoom Information” on the following webpage: https://www.cookcountycourtil.gov/about/remote-court-proceedings."

Instructions for accessing Zoom are available at www.cookcountycourt.gov and www.zoom.com. For additional information on the Domestic Relations Division, please visit www.cookcountycourtil.gov/division/domestic-relations-division.

Date: 6/17/2026

CIRCUIT COURT OF COOK COUNTY
DOMESTIC RELATIONS DIVISION.
50 W. WASHINGTON ST., CHICAGO, IL 60602

Barriga Marissa

-

DruryScott Robert
drury@loevy.com

CASE: 2026CH05072

Rojas, Michelle -vs- Motorola Solutions, Inc.,

You are scheduled to appear on Monday July 27 2026 at 09:30 AM
VIA ZOOM on " + enotice.Calendar + " for your initial case management date.

Zoom information can be found by clicking “Domestic Relations Division Zoom Information”
on the following webpage: https://www.cookcountycourtil.gov/about/remote-court-proceedings."

Instructions for accessing Zoom are available at
www.cookcountycourt.gov and www.zoom.com. For additional information
on the Domestic Relations Division, please visit
www.cookcountycourtil.gov/division/domestic-relations-division.

Date: 6/17/2026

CIRCUIT COURT OF COOK COUNTY
DOMESTIC RELATIONS DIVISION.
50 W. WASHINGTON ST., CHICAGO, IL 60602

Barriga Marissa

-

DruryScott Robert
drury@loevy.com

CASE: 2026CH05072

Rojas, Michelle -vs- Motorola Solutions, Inc.,

You are scheduled to appear on Monday July 27 2026 at 09:30 AM
VIA ZOOM on " + enotice.Calendar + " for your initial case management date.

Zoom information can be found by clicking “Domestic Relations Division Zoom Information” on the following webpage: https://www.cookcountycourtil.gov/about/remote-court-proceedings."

Instructions for accessing Zoom are available at www.cookcountycourt.gov and www.zoom.com. For additional information on the Domestic Relations Division, please visit www.cookcountycourtil.gov/division/domestic-relations-division.

## SHERIFF'S OFFICE OF COOK COUNTY
## AFFIDAVIT OF SERVICE

**CASE NUMBER:** 2026CH05072 **SHERIFF NUMBER:** 2026010153 **MULT. SER.:** 1 **DOC. TYPE:** CHANCERY

**DIE DATE:** 6/19/2026 **RECEIVED DATE:** 5/28/2026 **FILED DATE:** 5/27/2026 **DIST:** 604

| | | | |
|---|---|---|---|
| **DEFENDANT:** | , | **PLAINTIFF:** | ROJAS, MICHELLE |
| ADDRESS: | 208 S LASALLE ST | **ATTORNEY:** | Drury Legal LLC |
| CITY: | CHICAGO | ADDRESS: | |
| STATE: | IL ZIP CODE: 60604 | CITY: | Highwood |
| ATTACHED FEE AMT: | | STATE: | IL ZIP CODE: 60040 |
| SERVICE INFORMATION: | | | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

****** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ******

___ **(8)** AND BY MAILING ON THE ___ DAY OF ______ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☑ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

WRIT SERVED ON: yolanda myles

SEX: F RACE: BL AGE: 35

THIS 18 DAY OF June 20 26

TIME: 1:25 PM

ATTEMPTED SERVICES

| Date | Time | Star # |
|---|---|---|
| 06/18/2026 | 12:00:13 | # 11216 |

THOMAS J. DART,
SHERIFF, BY: /S/ GIBSON, ANDY #11216 , DEPUTY

**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2026CH05072 **SHERIFF NUMBER:** 2026010153 **MULT. SER.:** 1 **DOC. TYPE:** CHANCERY

**DIE DATE:** 6/19/2026 **RECEIVED DATE:** 5/28/2026 **FILED DATE:** 5/27/2026 **DIST:** 604

| Date | Time | Star # |
|---|---|---|
| 06/18/2026 | 12:00:13 | # 11216 |