**JENNER & BLOCK LLP**
Reid J. Schar (SBN 283948)
RSchar@jenner.com
525 Market Street, 29th Floor
San Francisco, CA 94105-2708
Telephone: +1 628 267 6800
Facsimile: +1 628 267 6859

Kate T. Spelman (SBN 269109)
kspelman@jenner.com
2029 Century Park East, Suite 1450
Los Angeles, CA 90067
Telephone: +1 213 239 5100
Facsimile: +1 213 239 5199

**JENNER & BLOCK LLP**
Andrew W. Vail*
avail@jenner.com
David C. Layden*
dlayden@jenner.com
Andrianna D. Kastanek*
akastanek@jenner.com
353 N. Clark St.
Chicago, IL 60654
Telephone: +1 312 222 9350
Facsimile: +1 312 527 0484

* *pro hac vice* application to be filed

Attorneys for Defendant
MOTOROLA SOLUTIONS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF**

**CALIFORNIA OAKLAND DIVISION**

MICHELLE ROJAS and MARISSA BARRIGA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

MOTOROLA SOLUTIONS, INC.,

Defendant.

Case No. 4:26-cv-11419-HSG

The Honorable Haywood S. Gilliam, Jr.

**MOTION AND ORDER TO ENLARGE TIME FOR DEFENDANT TO RESPOND TO THE COMPLAINT**

Defendant Motorola Solutions, Inc. ("Motorola"), by and through its counsel of record, respectfully moves the Court, under Civil Local Rule 6-3, for the entry of the attached proposed Order enlarging the time to November 12, 2026, for Motorola to respond to Plaintiffs' complaint. In support of this motion, Motorola submits the supporting Declaration of Reid J. Schar and states as follows:

1. Plaintiffs filed their Complaint against Motorola in the Circuit Court of Cook County, Illinois on May 27, 2026. Motorola removed the action to the United States District Court for the Northern District of Illinois on June 26, 2026, where it was assigned to the Honorable Edmond E. Chang. (Dkt. 1.)

2. On July 7, 2026, Judge Chang granted Motorola's unopposed request for a 45-day extension of its deadline to respond to the Complaint, to August 20, 2026 (Dkt. 10, 12.)

3. On July 7 and 8, 2026, respectively: (a) Plaintiffs filed a motion for the appointment of interim class counsel (Dkt. 13); and (b) the plaintiff in a separate action filed in this District, *Roberts v. Motorola Solutions, Inc.*, No. 3:26-cv-06099-JD (N.D. Cal.), filed a motion to intervene in this action and transfer it to this District. (Dkt. 19.)

4. By August 5, 2026, those motions were fully briefed and awaiting decision by the court.

5. On August 14, 2026, Motorola filed an unopposed motion to further extend its deadline to respond to the complaint to a date 14 days after the court resolved the interim counsel motion and the motion to transfer and intervene. (Dkt. 27.) Motorola explained that deferring Rule 12 briefing until those motions were decided would conserve party and judicial resources, because the resolution of the motion to intervene and transfer could well result in this action and the *Roberts* action proceeding in the same district and could result in the filing of a consolidated amended complaint that would supersede the pleading then on file. (*Id.* ¶¶ 3-4.) On August 17, 2026, Judge Chang granted the motion. (Dkt. 29.)

6. On October 1, 2026, Judge Chang granted Roberts' motion to intervene and transfer, and terminated without prejudice the motion to appoint interim class counsel. (Dkt. 40.)

7. As a result, the deadline for Motorola to respond to the Complaint is October 15, 2026.

8. On October 6, 2026, the plaintiffs in *Roberts* filed in that action an Administrative Motion to Consider Whether Cases Should Be Related under Civil Local Rules 3-12 and 7-11 (*Roberts* Dkt. 56), and filed notice of that motion in this action (Dkt. 45); the motion seeks to have this action and the *Roberts* action related and assigned to a single judge, and it remains pending.

9. Motorola requests a further extension of time—to November 12, 2026—to respond to the current Complaint. Motorola respectfully submits that good cause exists to further extend the deadline because: (a) the recent transfer of this action to this District and the pending motion to relate may result in this action and the *Roberts* action being assigned to a single judge and, if so, may result in the filing of a consolidated amended complaint; and (b) deferring Motorola's deadline to respond to the current complaint will avoid devoting party and judicial resources to a motion to dismiss a complaint that may be superseded by a consolidated amended complaint.

10. On October 13, 2026, Motorola's counsel called Plaintiffs' counsel and inquired whether Plaintiffs oppose the proposed extension. As of the filing of this motion, Plaintiffs' counsel had not yet advised Motorola's counsel whether Plaintiffs will or will not oppose this motion.

11. Motorola would suffer substantial harm and prejudice if the Court did not enlarge the time for it to file its motion under Rule 12(b). Absent an extension, Motorola would be required to respond by October 15, 2026, to a complaint that may be superseded by a consolidated amended complaint, forcing Motorola to brief, and the Court to consider, a motion to dismiss that may well be mooted.

12. The only prior modifications to this deadline are those described in Paragraphs 2 and 5 above, and the enlargement requested in this motion will not otherwise affect the schedule for the case.

For the reasons set forth above and in the supporting Schar Declaration, Defendant respectfully requests that the Court grant this motion and enter the attached proposed Order extending the time for Defendant to respond to the Complaint to November 12, 2026.

Dated: October 13, 2026

JENNER & BLOCK LLP

By: */s/ Reid J. Schar*
Reid J. Schar
Attorney for Defendant

**ORDER**

Defendant Motorola's Motion to Enlarge Time for Defendant to Respond to the Complaint is GRANTED, and the time for Defendant to respond to Plaintiffs' complaint is enlarged to November 12, 2026.

IT IS SO ORDERED.

Dated: 10/22/2026

Haywood S. Gill Jr.

The Honorable Haywood S. Gilliam, Jr.
United States District Judge